IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Nancy C. Perez, <br><br> Plaintiff, <br><br> v. <br><br> South Carolina Department of Labor, Licensing and Regulation and Director Holly Gillespie Pisarik, in her official and personal capacities, <br><br> Defendants. | C/A No. 3:17-3187 -JFA <br><br><br> **ORDER** |

I.  **INTRODUCTION**

Nancy C. Perez (Plaintiff) brings this action pro se against South Carolina Department of Labor, Licensing and Regulation and Director Holly Gillespie Pisarik, in her official and personal capacities (Defendants). Plaintiff's Complaint asks the Court to compel Defendants to allow her to practice as a nurse in South Carolina and to provide her with back pay from July 2014 to present. The South Carolina Department of Labor, Licensing and Regulation (SCDLLR) has temporarily denied her license due to an unexplained discrepancy between Plaintiff's application and her background check.[1] After Plaintiff was unsuccessful in state court, she brought this nearly identical action in

---

[1] Defendants asked Plaintiff to come before the Board of Nursing (Board) within the SCDLLR and explain why in her application she indicated that she had never been arrested, charged, or convicted of a crime and yet a criminal background check conducted by Defendants revealed that she had been convicted of failing to file a federal tax return. (ECF No. 46 p. 2). Plaintiff refused to explain and instead filed a writ of mandamus in the Anderson County Court of Common Pleas asking the court to require the Defendants to issue a license to practice nursing. Plaintiff also rejected an offer by the Board to apply for a temporary license that would have allowed Plaintiff to start an employment opportunity without having appeared before the Board.

federal court on November 27, 2017. Defendants filed a motion for judgment on the pleadings on January 11, 2018. (ECF No. 26). Plaintiff responded on January 12, 2018. (ECF No. 29). Defendants filed a reply on January 17, 2018. (ECF No. 31). Plaintiff proceeded to file three amended responses and Defendants' subsequently filed a reply to each of those.

After reviewing the pleadings, the Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation (Report) and opines that Defendants' Motion for Judgment on the Pleadings (ECF No. 26) should be granted. The Magistrate found that Plaintiff failed to state a claim upon which relief can be granted for a violation of her right to due process pursuant to 42 U.S.C. § 1983. The Magistrate further found that Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 17) should be denied as moot. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on March 28, 2018. (ECF No. 50). Defendants filed a reply to the objections on March 30, 2018. (ECF No. 51). Plaintiff filed amended objections on April 5, 2018. (ECF No. 52). Defendants filed a reply to Plaintiff's amended objections on April 18, 2018. (ECF No. 53). Plaintiff then filed a motion to amend her objections with the amended objections attached. (ECF No. 54). The

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Court grants Plaintiff's motion to amend, and therefore, considers Plaintiff's Second Amended Objections to the Report as Plaintiff's objections.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). "[G]eneral and conclusory objections that do not direct the court to a specific error in the Magistrate's proposed findings and recommendations" are not specific objections and do not warrant *de novo* review. *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982).

3

## II. DISCUSSION

Plaintiff asserts several objections to the Report. The Court does its best to decipher Plaintiff's lengthy and often disjointed arguments. As discussed below, the objections are without merit.[3]

### A. OBJECTION – 42 U.S.C. § 1981

Plaintiff argues that the Magistrate Judge erred when she ruled that the court did not have jurisdiction pursuant to 42 U.S.C. § 1981.[4] Plaintiff contends that she properly asserted a claim pursuant to 42 U.S.C. § 1981, and therefore, her complaint was filed within the four year statute of limitations period.

The Magistrate Judge correctly construed Plaintiff's Amended Complaint as relief pursuant to 42 U.S.C. § 1983. When a suit is brought against a state actor, 42 U.S.C. § 1983 is the exclusive federal remedy for violation of the rights guaranteed in 42 U.S.C. § 1981. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701. Further, individuals cannot be liable under § 1981 unless "they 'intentionally cause [an employer] to infringe the rights secured by' section 1981." *Carson v. Giant Food, Inc.*, 187 F. Supp. 2d 462, 483 (D.Md.

---

[3] The Court notes that Plaintiff spent numerous pages arguing that the Magistrate Judge erred by denying Plaintiff's Motion to Strike on March 19, 2018, and also by not giving proper notice to Plaintiff that the Motion was going to be denied. The Motion to Strike is within the Magistrate Judge's authority to dispose of and the Court finds no error in the Magistrate Judge's decision. The Court finds the Magistrate Judge followed the proper procedures in denying the Motion to Strike.

[4] Plaintiff cites to *Jones v. South Peak Interactive Corp.*, 777 F.3d 658 (4th Cir. 2015) and *Boyer-Liberto v. Fontainebleau Corp.*, 752 F. 3d 350 (4th Cir. 2014) to support her claim. However, these cases are factually quite different and do not apply here.

2002) (quoting *Tillman v. Wheaton-Haven Recreation Ass'n*, 517 F.2d 1141, 1145 (4th Cir. 1975).

Neither party disputes that the SCDLLR is a state actor. Furthermore, as to defendant Director Holly Gillespie Pisarik (Pisarik), Plaintiff does not properly allege a claim pursuant to 42 U.S.C. § 1981. Plaintiff does not allege that Pisarik intentionally caused SCDLLR to infringe on the rights secured by § 1981. Therefore, the Magistrate Judge properly construed Plaintiff's Amended Complaint as only a 42 U.S.C. § 1983 claim.

### C. OBJECTION – EQUITABLE TOLLING

Plaintiff argues that the "Magistrate Judge erred when she ruled that the statute of limitations was not equitably tolled." (ECF No. 54 p. 4). Plaintiff states that she is entitled to equitable tolling because she diligently sought relief for this claim in state courts from August 19, 2014 until November 14, 2017. The Magistrate Judge did not specifically address equitable tolling in the Report.

Because 42 U.S.C. § 1983 does not contain an express statute of limitations, the analogous state statute of limitations is applied. *See Aiken v. Ingram*, 524 Fed. Appx. 873, 877 (4th Cir. 2013); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Baltimore City State's Attorneys Office,* 767 F.3d 379, 388 (4th Cir. 2014). Likewise, for § 1983 claims, the district court is to examine and apply the state's law on equitable tolling. *See Peoples v. Rogers,* C/A No. 8:10-24-CMC-BHH, 2010 WL 424201, at *1-2, (D.S.C. Feb. 1, 2010). The South Carolina Supreme Court has held that the equitable

5

tolling doctrine "should be used sparingly and only when the interests of justice compel its use." *Hooper v. Ebenezer Sr. Services and Rehabilitation Center*, 386 S.C. 108, 116 (2009).

The party asserting that the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use. *Id*. at 115. Plaintiff merely asserts that because she timely pursued her claim in state court, her claim should warrant equitable tolling. Considering all of the facts and circumstances of this case, the Court finds Plaintiff has not established sufficient facts to justify equitably tolling the statute of limitations.[5]

### D. OBJECTION – DEFENDANTS' ATTACHMENTS TO ANSWER

Plaintiff claims that the Magistrate Judge should not have considered the documents attached to Defendants' Answer in considering Defendants' Motion for Judgement on Pleadings. Plaintiff also claims that by considering the documents, the Magistrate Judge erred by attempting to resolve material issues of fact. In Defendants' Answer to Plaintiff's Amended Complaint, Defendants attached the state court documents from the nearly identical claim Plaintiff brought in state court. It appears the Magistrate Judge only considered the documents attached to Defendants' Answer for

---

[5] The Court also agrees with the Magistrate Judge's finding that it is questionable whether Plaintiff's claim has even accrued for the statute of limitations to begin to run, because Plaintiff's application for reinstatement has not yet been given a final denial by the Board. Yet out of the abundance of caution, the Magistrate Judge assuming the claim accrued found that it would have accrued on the date of the temporary denial on October 28, 2014.

background purposes.[6] Furthermore, the Magistrate Judge did not resolve material issues of fact.

Plaintiff argues that the court documents are not a written instrument within the meaning of 10(c) of the Federal Rules of Civil Procedure, and therefore, not admissible. The Fourth Circuit has held that for purposes of resolving a motion for judgment on the pleadings, "a district court cannot consider matters outside the pleadings without converting the motion into one for summary judgment." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). However, a court may "consider a 'written instrument' attached as an exhibit to a pleading, (citation omitted) 'as well as [documents] attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Id.* (citing *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

Defendants attached the following five exhibits to their Answer: (1) the initial brief of respondent to the South Carolina Court of Appeals; (2) the order from the South Carolina Court of Appeals dismissing Plaintiff's appeal; (3) the order from the South Carolina Court of Appeals denying Plaintiff's motion to reinstate the appeal; (4) Plaintiff's petition for a writ of certiorari to the South Carolina Supreme Court; and (5) the order from the South Carolina Supreme Court denying Plaintiff's petition for a writ of certiorari. Defendants referenced these documents in their Answer to give the background

---

[6] The background section of the Report cites to a few of the exhibits attached to Defendants' Answer. It appears that the Magistrate Judge only considered the exhibits to reference the background of this case. It is important to note that even if the exhibits to Defendants' Answer were not considered Defendants' Motion on the Pleadings should still be granted.

7

of this case. Likewise, the Magistrate Judge referenced a few of the documents only in the background section of the Report.

It does not appear that the Magistrate Judge relied on the documents except for illustrative and background purposes.[7] However, out of the abundance of caution, this Court makes it clear that it has not relied on the state court documents in its determination that Defendants' Motion for Judgment on the Pleadings should be granted.[8] Everything needed to decide Defendants' motion is contained in Plaintiff's Amended Complaint and Defendants' Answer.[9]

### E.     OBJECTION – SUR-REPLY MEMORANDA

Plaintiff argues that the Magistrate Judge erred by not considering Plaintiff's three amended responses to Defendants' motion. Plaintiff misunderstands the Magistrate Judge's reasoning. The Magistrate Judge explained that the Local Civil Rules for the United States District of South Carolina do not allow for sur-replies.[10] Plaintiff did not

---

[7] The Fourth Circuit in *Occupy Columbia v. Haley*, 738 F.3d 107, 117 (4th Cir. 2013) found that to the extent the district court mentioned materials outside of the appropriate documents to consider that it did so for illustrative and background purposes only and it was okay for the district court to do so.

[8] The Court finds there is no need to determine whether the attached state court documents can be properly considered. The state court documents merely lay out the background of this case and are subsequently not needed to make a ruling on Defendants' Motion for Judgment on the Pleadings.

[9] Not including the exhibits attached to Defendants' Answer.

[10] Here, Defendants filed their Motion for Judgment on the Pleadings. Plaintiff subsequently filed a "response" which is allowed under Local Rule 7.06. Defendant filed a "reply" which is allowed under Local Rule 7.07. Plaintiff then filed additional amended responses which are not allowed for under the Local Rules. However, if a party asks the court for permission, the court may allow a party to file an additional response or "sur-reply." It is within the discretion of the court whether to allow the sur-reply.

seek leave of the court to file the sur-replies. Therefore, the Magistrate Judge did not consider the sur-replies in the Report. However, the Magistrate Judge noted that consideration of the filings would not have changed the courts recommendation. This Court agrees.

### F. OBJECTION – PROPOSED SECOND AMENDED COMPLAINT

Plaintiff alleges that the Magistrate Judge should have allowed Plaintiff to file a second amended complaint,[11] because Plaintiff filed the proposed second amended complaint by the deadline set forth in the scheduling order. Federal Rules of Civil Procedure 15(a)(2) states that, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The grant or denial of a motion to amend the pleadings is within the discretion of the District Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of amendment*" leave should be freely given. *Id.* (emphasis added).

As the Magistrate Judge correctly determined, allowing Plaintiff's second amended complaint would be futile. The only difference from Plaintiff's Amended

---

[11] Plaintiff calls it her "Third Amended Complaint." While if allowed it would have been her third complaint, it would have only been amended twice, and therefore, this Court refers to it as a second amended complaint.

9

Complaint and her proposed complaint is a new paragraph asserting an Eighth Amendment claim. Plaintiff alleges that Defendants have imposed a cruel and unusual punishment by permanently preventing her from being employed as License Practical Nurse in South Carolina. Plaintiff cites to no case law for her proposition. Furthermore, she references several of the South Carolina Board of Nursing's final orders to attempt to argue that she her "punishment" is much worse than what the Board has given out in the past.

Governmental acts of a regulatory – rather than criminal or punitive – nature do not violate the Eighth Amendment's prohibition on cruel and unusual punishment. *See Lundeen v. Rhoad*, 991 F. Supp. 2d 1008, 1018 (S.D. Ind. 2014) (Mr. Lundeen alleges that the suspension of his medical license by the Indiana Board violates the Eighth Amendment. This Claim is frivolous. The Eighth Amendment applies only to convicted person… which Mr. Lundeen is not."). Even if Plaintiff's allegations are true, she would not be entitled to Eighth Amendment relief, and therefore, it would be futile to allow Plaintiff to amend her complaint to add this cause of action.

### III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is adopted and incorporated herein by reference. Accordingly, this Court adopts the

Magistrate Judge's Report and Recommendation. (ECF No. 46). Defendants' Motion for Judgment on the Pleadings (ECF No. 17) is granted and Plaintiff's Motion for temporary restraining order and preliminary injunction is denied as moot. Therefore, Plaintiff's Complaint is dismissed without prejudice.

    IT IS SO ORDERED.

May 31, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge